SO ORDERED.

Dated: July 23, 2021



*Madeleine C. Wanslee*
Madeleine C. Wanslee, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re

ADVANCED GREEN INNOVATIONS, LLC;
ZHRO SOLUTIONS, LLC; AND
ZHRO POWER, LLC,

Debtors.

Chapter 11

Case No. 2:19-bk-11766-MCW
Case No. 2:19-bk-11771-MCW
Case No. 2:19-bk-11768-MCW

(Jointly Administered)

ADVANCED GREEN INNOVATIONS, LLC;
ZHRO POWER, LLC, ZHRO SOLUTIONS,
LLC, GREEN ENGINE CONVERSIONS,
LLC, GREEN TECH DIESEL
CONVERSIONS, LLC, DUAL FUEL AZ II,
LLC, CONWAY FEED, LLC, JEFF BEACH,
LOMAR HOLDINGS, LLC; DF EMPOWER,
LLC, BEACH CORP.

Plaintiffs,

vs.

DUAL FUEL, LLC, a Delaware limited
liability company, KENNETH and LORI
LOSCH, husband and wife, COCHISE
INVESTMENTS, LLC, a Delaware limited
liability company, R. Craig Coppola and Tracy
Coppola, husband and wife.

Defendants.

Adversary No. 2:20-ap-00068-MCW

**ORDER APPROVING AND
IMPLEMENTING SETTLEMENT
AGREEMENT AND MUTUAL
RELEASE**

**Hearing Date:  July 22, 2021**
**Hearing Time: 1:30 p.m.**

Plaintiffs filed the Motion For An Order Approving and Implementing Settlement

Agreement and Mutual Release and Modifying Preliminary Injunction ("**Motion**") on

June 29, 2021 [Doc. 189] attaching the proposed "Settlement Agreement and Mutual Release" (the **"Agreement"**) as Exhibit A. (The Agreement is also attached hereto as **Exhibit A** for ease of reference.) On June 29, 2021, the Motion was duly noticed to the parties in this Adversary Case, to the U.S. Attorneys' Office with attention to the counsel assigned to Losch's pending criminal case before the United States District Court for the District of Arizona, and counsel for American Power Group, Inc. ("**APG**"). Notice to the U.S. Attorney's Office was required by paragraph 11 of the Agreement. The Court finds that notice was appropriate under the circumstances of this adversary case.

No objections to the Motion have been filed with the Court, nor are the parties aware of any objections to the Motion. The Court conducted a hearing on the Motion on July 22, 2021 at 1:30 p.m., and permitted the parties to appear telephonically.

At the hearing, counsel for Plaintiffs and counsel for Defendants reported that all parties except Non-Litigating parties John Madrigal and Robert Gunnell timely executed the Agreement. Exhibit A hereto is the Agreement with all timely signatures.

Based upon the record before the Court, and the statements of the counsel at the hearing, it is hereby **ORDERED** as follows:

1.      The Court finds that the proposed Settlement Agreement is fair and equitable, and that it is an appropriate exercise of the reorganized Debtor's business judgment. The Motion is granted, and the Agreement is approved. The Court notes that Mr. Madrigal and Mr. Gunnell are "dropped" from the Agreement in accordance with the terms of paragraph 24.

2.      That the Agreement shall be implemented in accordance with its terms. The final share amounts to be distributed by APG, pursuant to paragraph 5 of the Agreement, to Plaintiffs, are set forth on **Exhibit B** to this Order. The share amount to be distributed to Defendant Dual Fuel is set forth in paragraph 6 of the Agreement.

3.      That the June 3, 2020, Order Granting Preliminary Injunction [Doc. 54] ("**Preliminary Injunction**") and the UCCs (as defined under the Agreement, the "**UCCs**") are hereby modified to permit the parties and American Power Group, Inc. to

perform the terms of the Agreement. The Preliminary Injunction enjoined, among other things, Defendants from alienating, transferring, dissipating, or otherwise disposing of no less than 299,145,900 shares of stock in APG. The 299,145,900 shares are hereafter referred to as the **"APG Shares."** A portion of these shares were issued to Defendant Dual Fuel, LLC, and is referenced in the Agreement as the "**Dual Fuel Stock.**" A portion of the APG shares were not issued to Dual Fuel, but APG has indicated to the parties that such unissued shares were also to be issued to Dual Fuel. All of the APG Shares are restricted under the terms of the Preliminary Injunction.

4. That the Preliminary Injunction and UCCs are modified to permit and require that Defendant Dual Fuel shall return the Dual Fuel Stock to APG by returning any and all original stock certificate(s) to APG.

5. That the Preliminary Injunction and UCCs are further modified to permit and require APG to redeem and reissue the stock as provided in the Agreement (Exhibit A hereto), with further detail as set forth on Exhibit B hereto.

6. That, provided that (1) the terms of the Agreement are fully complied with by the parties to the Agreement and APG; and (2) the stock is reissued in accordance with the Schedule set forth in Exhibit B hereto, that the parties may submit the stipulation to terminate the Preliminary Injunction and seek to dismiss this Adversary proceeding and shall record termination notices for the UCCs as set forth in the Agreement.

7. That, the Court will hereby exercise its discretion to retain, or be referred, jurisdiction to enforce and implement this Order and the Agreement pursuant to paragraph 9 of the Agreement, which has been consented to by each party to the Agreement.

So ORDERED on the date set forth above.

# Exhibit A

Case 2:20-ap-00068-MCW    Doc 196    Filed 07/23/21    Entered 07/23/21 15:01:05    Desc
Main Document    Page 4 of 67

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE
## (AGI, *et al.* v. Dual Fuel, LLC, *et. al.*)

## <u>Introduction</u>

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is entered into on the 25th day of June, 2021, by and between: 1) **Plaintiffs**: Advanced Green Innovations, LLC ("**AGI**"), ZHRO Solutions, LLC and ZHRO Power, LLC (collectively "**ZHRO**") and together with AGI, the "**Debtor Plaintiffs**"[1], together with Green Engine Conversions, LLC, Green Tech Diesel Conversions, LLC, Dual Fuel AZ II, LLC, Conway Feed, LLC, Lomar Holdings, LLC, DF Empower, LLC, and Beach Corp. (collectively the "**Non-Debtor Plaintiffs**") (Debtor Plaintiffs and the non-Debtor Plaintiffs are together referred to as the ("**Plaintiffs**"); and 2) the Defendants: Dual Fuel, LLC ("**Dual Fuel**"), Kenneth and Lori Losch ("**Losch**"), and Cochise Investments, LLC ("**Cochise**,") (collectively the "**Defendants**"). Additional parties to this Agreement are Michael Drance, Terry Kennon, Michael Brown, Greg Brown, Thomas C. Niccoli, Kasey Knoles, Michael Hill, Comanche Gas Solutions, LLC, Brian Snider, Adam Webb, John Madrigal, Robert Gunnell, Sebastean Losch, Kristean Losch, and Theodore Claassen, Sr. ("**Non-Litigating Parties**"). Collectively, the Plaintiffs, the Defendants, and all Non-Litigating Parties shall be referred to herein as the Parties.

## <u>Recitals</u>

A.      <u>APG Shares</u>. As of date of this Agreement, American Power Group, Inc. ("**APG**") has issued 243,113,500 shares of stock to Dual Fuel ("**Dual Fuel Stock**"). In addition, APG has 56,032,400 additional shares which are eligible for issuance to Dual Fuel. The Dual Fuel Stock and the additional 56,032,400 shares (total 299,145,900 shares) of APG shall be referred to herein as the "**APG Shares**." The ownership of the APG Shares is the subject of claims in the Adversary Case, defined below. Debtor Plaintiffs allege, among other things, that such shares were rightfully the property of the Debtor Plaintiffs, and should not have been issued, and should not be issued, to Dual Fuel. Plaintiffs secured the TRO and Preliminary Injunction (both defined below), among

---

[1] Debtor Plaintiffs are succeeded by the reorganized debtor, Proteum Energy, LLC ("Proteum"). Proteum is a Party to this Agreement, and will execute this Agreement on behalf of the Debtor Plaintiffs.

other reasons, in order to reflect that the APG Shares are subject to adverse claims of ownership. Defendants dispute Plaintiffs' assertions and allege that Dual Fuel rightfully owns the APG Shares.

B.    <u>Conway Feed Case</u>.  On October 11, 2019, Conway Feed, LLC filed suit against Dual Fuel, LLC.  Case No. CV2019-013572, Maricopa County Superior Court ("**Conway Feed Case**").  The Default Judgment was entered on June 15, 2020 and was later set aside pursuant to the Motion to Set Aside Default.  A Stipulation and Joint Request to Reschedule Scheduling Conference were filed on May 21, 2021.  An Order vacating the Rule 16(d) Scheduling Conference was entered May 26, 2021. The Conway Feed Case remains pending before the Superior Court.

C.    <u>Bankruptcy Cases</u>.  On September 16, 2019, Advanced Green Innovations, LLC, a Nevada limited liability company and its wholly owned subsidiaries ZHRO Solutions, LLC, a Nevada limited liability company; and ZHRO Power, LLC, a Delaware limited liability company (collectively the "**Debtors**"), filed their voluntary Chapter 11 bankruptcy petitions under Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Arizona (the "**Bankruptcy Court**") (the "**Petition Date**"), Case Nos. 2:19-bk-11766-MCW, 2:19-bk-11771-MCW, and 2:19-bk-11768-MCW ("**Bankruptcy Cases**").

D.    <u>Adversary Case</u>.  On March 11, 2020, Plaintiffs filed the adversary *Complaint (Verified) (Usurpation of Corporate Opportunity, Fraudulent Transfer, Securities Fraud, Fraud, Misappropriation, Turnover, Request for Imposition of Constructive Trust, Temporary Restraining Order, Injunction, Avoidance of Post-Petition Transfer)* [Dkt. No. 1] against the Defendants, Adversary Case No. 2:20-ap-00068-MCW ("**Adversary Case**").

E.    <u>Cases</u>.  Together, the Conway Feed Case and the Adversary Case shall be referred to as the "**Cases**."

F.    <u>TRO</u>.  On March 11, 2020, the Bankruptcy Court entered the *Temporary Restraining Order* [Dkt. No. 5] ("**TRO**"). The TRO enjoined, among other things, Defendants from alienating, transferring, dissipating or otherwise disposing of the APG Shares, or any other any interests in APG pending further order of the Court.

G. <u>Preliminary Injunction</u>. The Bankruptcy Court entered the *Order Granting Preliminary Injunction* [Dkt. No. 54] on June 3, 2020 ("**Preliminary Injunction**"). Thereafter, the Plaintiffs recorded the following UCC documents (collectively, the "**UCCs**"): on June 5, 2020, a UCC-1 was recorded by the Iowa Secretary of State [No. P20001312-3]; on June 26, 2020, a UCC-1 was recorded by the Arizona Secretary of State [No. 2020-004-1384-9], and on June 4, 2020, a UCC-1 was recorded by the Delaware Department of State [No. 2020 3916469]. The Preliminary Injunction echoed the terms of the TRO.

H. <u>Plan</u>. On July 22, 2020, the Court entered the *Order Confirming Chapter 11 Plan of Reorganization Jointly Proposed by the Debtors, CH4 Power, LLC, and the Ad Hoc Committee of Certain Creditors Dated June 8, 2020* [Dkt. No. 455].

I. <u>Contribution and Recovery Agreement</u>. On March 1, 2020, the Plaintiffs entered into the Contribution and Recovery Agreement ("**CRA**"). Under that agreement, costs and recoveries were shared amongst the Plaintiffs based upon the agreed percentages in Exhibit A thereto.

J. <u>Second Amended Complaint</u>. On September 10, 2020, the Plaintiffs filed the *Second Amended Complaint (Verified) (Usurpation of Corporate Opportunity, Fraudulent Transfer, Securities Fraud, Fraud, Misappropriation, Turnover, Request for Imposition of Constructive Trust, Temporary Restraining Order, Injunction, Avoidance of Post-Petition Transfer)* [Dkt. No. 76] in adversary case 2:20-ap-00068-MCW.

K. <u>Answer</u>. On September 25, 2020, the Defendants filed their *Answer to the Second Amended Complaint* [Dkt. No. 79].

L. <u>Non-Litigating Parties</u>. Michael Drance ("**Drance**") invested in a Dual Fuel distributorship agreement, but is not a plaintiff in the Adversary Case. The Plaintiffs and the Defendants desire to resolve any potential claims of Drance in this Agreement. Defendants and Plaintiffs have propounded various discovery requests concerning the acts of Terry Kennon,

Michael Brown, Greg Brown, Thomas C. Niccoli, Kasey Knoles, Michael Hill, Comanche Gas Solutions, LLC, Brian Snider, Adam Webb, John Madrigal, Robert Gunnell, Sebastean Losch, Kristean Losch, and Theodore Claassen, Sr. related to the Adversary Case. The Parties desire to resolve any potential assertions concerning such parties in this Agreement.

M.  <u>Motion to Implement</u>. The Parties have determined to resolve all of the issues and claims between them, and agree to permit the Court to order: (1) the modification of the Preliminary Injunction and implementation of this Agreement, (2) the return of Dual Fuel Stock to APG for, the re-distribution of the APG Shares as set forth herein, and (3) such other matters as required to implement the Agreement (**"Motion to Implement"**).

N.  <u>Standstill and no admissions</u>. A *Notice of Preliminary Settlement and Stipulation* has been filed with the Bankruptcy Court on May 26, 2021. The Court entered an *Order Granting Stipulation for Litigation Standstill* on May 27, 2021 [Dkt. No. 186]. The Parties desire to compromise and settle, without admission of liability by any Party, any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated in any way relating to the Cases, Dual Fuel or APG, and any and all threatened claims or counterclaims related to the Cases.

NOW, THEREFORE, for and in consideration of the mutual promises and covenants, warranties, releases and agreements contained herein, and other good and valuable consideration to each of the Parties hereto, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby covenant and agree as follows:

## <u>Terms</u>

1.  **Recitals Incorporated**. The Recitals set forth above are incorporated herein by reference and shall constitute Terms of this Agreement.

2.  **No Other APG shares Owned by Defendants**. Defendants each represent and warrant, that other than the APG Shares, there are no other APG shares issued to, nor any options,

warrants, executory purchase agreements, or other rights to acquire, or exercise any proxy for, any additional shares of APG available to any Defendant or any entity directly or indirectly affiliated with any of the Defendants, and/or, other than existing APG shareholders, any "insider" of Defendants, as that term is defined in 11 U.S.C. §101 (31).

3.      **Modification of Preliminary Injunction**.  Plaintiffs agree to permit the Court to order modification of the Preliminary Injunction and UCC-1s (which recorded the Preliminary Injunction) as necessary for the Court to order performance of this Agreement.  Plaintiffs will file an appropriate motion ("**Motion to Implement** ") within two (2) business days of execution of this Agreement by all parties hereto. Defendants will join in the Motion. The Plaintiffs and Defendants agree to seek expedited consideration by the Bankruptcy Court of the Motion.  The Motion shall request the Court order return of the stock issued to Dual Fuel to APG and the redemption and reissuance of the stock by APG as provided herein, and the terms of such issuance, and will otherwise ask the Court to order implementation of this Agreement.  The Court's final and non-appealable order granting the Motion to Implement shall be referred to herein as the "**Order Approving and Implementing Settlement**."

4.      **Transfer of APG Stock Back to APG**.  Within two (2) business days of the entry of the Order Approving and Implementing Settlement, Dual Fuel will return any and all original APG stock certificate(s) to APG, for subsequent re-issuance as noted in Sections 5 and 6 below.

5.      **Transfer of APG Stock to Plaintiffs**.  Within 2 business days of APG receiving the return of the Dual Fuel Stock certificate, in accordance with the Order Approving and Implementing Settlement, APG agrees to instruct its transfer agent to issue stock certificates representing 80% (239,316,720 shares) of the APG Shares, in the aggregate, with all voting rights with respect to such shares, to the following parties (amounts are based upon the CRA):

| | |
|---|---|
| Proteum Energy, LLC (Reorganized AGI /ZHRO) | 47,863,344 shares |
| Green Engine Conversions, LLC | 86,996,404 shares |

Bender Ventures, LLC
BTPez, LLC
DG & KIKI Family Investments, LLC
Fishes & Loaves LLC

Robert R. & Barbara E. Fraley
Rocky Gingg
Graham Family Investments, LLC
Linda M. and Peter A. Hamstra
TandKHowardIII, LLC
Paul C. Kottler and Bethany Powell JTWROS-
Joint Tenants with Right of Survivorship
Reg C. Martin
Olson Office Warehouse, LLC
Pauley Family Trust
Teri M. Pebsworth Supplemental Needs Trust
Tailing Tarpon LLC
David L. Tyson
Charles Vagrosky
Robert T. & Andrea M. VanHofwegen
Young Family Living Trust

| | |
|---|---|
| Dual Fuel AZ II, LLC | 47,403,866 shares |
| Conway Feed | 7,811,298 shares |
| DF Empower, LLC | 31,264,336 shares |

West Coast Enterprises LP
WG Partners LLC
Claasen JR PLC
Jackson Enterprises LLC
Ron and Nancy Hanson
C3 Green II LLC

| | |
|---|---|
| Green Tech Diesel Conversions, LLC | 5,992,491 shares |
| Lomar Holdings, LLC | 7,485,827 shares |
| Beach Corp. | 4,499,154 shares |

The newly issued shares will be subject to restrictions under 17 C.F.R. § 230.144 ("**Rule 144**"), and must be held for one year before they can be sold under Rule 144. If any transferee acquires 10% or more of the outstanding shares of APG, the transferee will be deemed an "Affiliate" and the shares deemed to be "Control Securities." Control Securities transferred in compliance with Rule 144 can become freely tradeable immediately, but if Rule 144 is not met, they become "restricted securities," as though they had been issued directly by the company in an unregistered private placement. No individual Plaintiff, nor any group of Plaintiffs, shall be considered or deemed to be a successor or assign of Dual Fuel by reason of the issuance of the APG Shares as set forth herein.

6.      **Transfer of APG Stock to Dual Fuel**.  In addition, within two (2) business days of APG receiving the return of the Dual Fuel Stock certificate and in accordance with the Order Approving and Implementing Settlement, APG agrees to instruct its transfer agent to reissue a stock certificate representing 20% (59,829,180 shares) from the existing stock certificate of the Dual Fuel APG Shares, with all voting rights with respect to such shares, to Dual Fuel. The newly issued shares will be subject to restrictions under Rule 144.

7.      **APG Board of Directors**.   Effective upon entry of the Order Approving and Implementing the Settlement:   (a) Defendant Losch shall be deemed to have  resigned from the APG Board of Directors, and resigns in any capacity as an officer, director,  employee, consultant, licensee or agent of APG; (b)  Defendants assign all of Dual Fuel's rights, such as they may be, to nominate board members of APG to Plaintiffs, and (c) Defendants assign any other operational controls that Dual Fuel may possess with respect to APG, to Plaintiffs. Defendants represent and warrant that other than the APG stock that was issued to Dual Fuel under this Agreement, they have, or will have, no rights, positions, or agreements with respect to APG. Defendants agree that Dual Fuel will, if a share vote is required, vote its shares in favor of the Board candidate(s) proposed by Plaintiffs, or some of them. Losch agrees that he will not serve in the capacity as an officer, director, board member, employee, licensee or consultant of APG.

8.      **Master Dealer Installer Agreement**.  Effective upon entry of the Order Approving and Implementing the Settlement, Defendants agree that the Master Dealer-Installer Agreement, and any and all amendments thereto, between Dual Fuel and APG is terminated, and that Defendants, and any and all affiliates of Defendants, shall have no further rights with respect to such agreement.

9.      **Termination of the Preliminary Injunction and Dismissal With Prejudice**. Within 5 business days of: (1) The Order Approving and Implementing the Settlement, **and** (2) APG's compliance with the terms of this Agreement, the Plaintiffs and Defendants will submit a stipulation that all litigation between them (the Cases) will be dismissed with prejudice, that the Preliminary Injunction shall terminate and be of no further effect, and that no costs or fees will be assessed by the Court in favor of any Party.  Upon the Court's Dismissal With Prejudice of the

Adversary Case, the Plaintiffs will record termination notices for the UCC's within 5 business days. The Parties agree that, subject to the Bankruptcy Court's discretion, the Bankruptcy Court may retain, or be referred, jurisdiction to enforce this Settlement Agreement, and that any action to enforce or for interpretation of this Settlement Agreement or any related matter, may be brought in the United States Bankruptcy Court for the District of Arizona, and the parties agree to submit to the exclusive jurisdiction of, and agree that venue is proper in, such Court, and that such forum, shall be the exclusive forum for resolving disputes arising out of this Agreement. The Parties waive any jury trial rights with respect to any controversy concerning this Agreement.

10. **Mutual Releases**. Upon Entry of the Order Approving and Implementing the Settlement, the following releases shall be automatically and fully effective as set forth herein:

a. <u>Plaintiffs release Defendants</u>. Plaintiffs, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against Defendants, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases.

b. <u>Defendants release Plaintiffs</u>. Defendants, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against Plaintiffs, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases.

c. <u>Release of Non-Litigating Parties</u>. Plaintiffs and Defendants, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders,

employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against the Non-Litigating Parties, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases. Notwithstanding anything in this Agreement to the contrary, nothing in this Agreement shall release any investors' interests in any Non-Debtor Plaintiff.

        d.      <u>Release by Non-Litigating Parties</u>. The Non-Litigating Parties , on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against  Plaintiffs or the Defendants, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases. Notwithstanding anything in the Agreement to the contrary, nothing in this Agreement shall release any investors' interests in any Non-Debtor Plaintiff.

        e.      For clarity, there are no releases between and among the Non-Litigating Parties contained in this Agreement.

        f.      Notwithstanding anything to the contrary in this Agreement, the Parties reserve the right to enforce provisions of this Agreement.

        g.      Without modifying or reducing the releases set forth in 10 a through d herein, no Party hereto is indemnifying or insuring any other Party from or against any potential claims by third parties.

    11.  **Notice to U.S. Attorney's Office**.  The Motion to Implement shall be served upon the United States Attorney for the District of Arizona, to the attention of the counsel assigned to Losch's pending criminal case before the United States District Court for the District of Arizona,

Case No. CR-19-00294-001-PHX-MTL. In the event there is any objection to the Motion to Implement filed by the U.S. Attorney's office, and if the objection is that this Agreement is legally unable to be performed and such objection is determined to be valid by entry of an order from a court of competent jurisdiction, this Agreement will be deemed null and void, and it may not be relied upon for any purpose.

12. **No Representations Regarding Tax/ Securities Treatment**. No party to this Agreement is relying upon any advice or representations of any other party with respect to the tax consequences, or securities consequences, of this Agreement. Each party hereto expressly agrees that it is responsible for seeking and obtaining appropriate tax or accounting advice, and securities trading advice.

13. **Advice of Counsel**. Each party has received independent legal advice from their attorney with respect to the advisability of making the settlement set forth herein, and executing this Settlement Agreement. All parties hereto agree that they, or their representatives, participated in the drafting of this Agreement or had the opportunity to do so. All parties hereto agree that they were separately represented and advised by counsel with respect to the provisions of this Agreement.

14. **No Admission**. The Parties agree that in entering into this Settlement Agreement there is no admission of any liability, wrongdoing or fault.

15. **Governing Law**. This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of Arizona and the United States of America.

16. **Joint Drafting**. Each Party has cooperated in and reviewed the drafts and preparation of this Settlement Agreement and no Party shall be deemed the "drafter" in this Agreement. Hence, the Agreement shall be construed within its fair meaning and not against any Party hereto.

17. **Attorneys Fees**. No attorney's fees or costs shall be assessed against or for any Party as the result of the Litigation. However, in the event that there is litigation commenced after

the date that this Settlement Agreement is executed asserting a breach of this Settlement Agreement, the prevailing party or parties shall be entitled to recover costs, including reasonable attorney's fees incurred in such litigation to enforce the terms of this Settlement Agreement.

18. **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties relating to the subject matter of this Agreement and supersedes all prior oral and written agreements relating to the subject matter of this Agreement.

21. **Modification.** This Agreement may not be amended, supplemented, changed or modified in any manner, except by a writing signed by each of the Parties, Moreover, parole evidence cannot be used to interpret, alter, or contradict the terms of this Agreement.

22. **Severance**. If any provision or part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable or contrary to public policy or any law, then the remainder of the Agreement shall not be affected thereby and shall remain in full force and effect.

23. **Non-Disparagement/Confidentiality Provision.** The Parties and their counsel recognize that this Agreement will be filed with the Court as an exhibit to the Motion to Implement. Further, the Parties understand that certain other parties will reasonably require knowledge of this Agreement in order to complete future transactions. The Parties are permitted to advise their investors, shareholders or members of this Agreement. The Parties agree to reasonably refrain from further commenting upon or publicizing this Agreement, unless required by law.

24. **Counterparts, Required Dates of Execution**. This Agreement may be executed in counterparts by .pdf, and counsel representing each respective Party shall e-mail a .pdf of the signatures to the opposing counsel. The Parties reserve the right to later request original signatures from the Plaintiffs and Defendants, allowing a reasonable period time for transmittal of such originals. Plaintiffs, Defendants and Drance are each required to execute this Agreement, and provide at least a .pdf signature to their counsel **by June 25, 2021**, or this Agreement shall be deemed null and void. Non-Litigating Parties (other than Drance), if they wish to derive the benefit of any provision of this Agreement, must each execute this Agreement by **no later than July 2, 2021 at 5:00 P.M. Arizona time** and must provide a .pdf of its signature to either counsel for Plaintiffs or counsel for the Defendants by such date and time. **Any Non-Litigating Party** (other

than Drance) **that fails to execute this Agreement on or before such date and time shall be deemed "dropped" as a party to this Agreement, shall be excluded from the Agreement, and shall not be entitled to any benefits hereunder.** The Agreement shall be deemed fully binding and valid regardless of whether a Non-Litigating Party "drops" by virtue of a failure to timely sign.

25. **Notice**. Notice given to any party under this Agreement shall be given by e-mail, with a copy sent by overnight express mail, and shall be deemed effective two full business days after sending the overnight express mail. Courtesy copies do not constitute notice to a party. Notices shall be provided at the following addresses:

### Debtor Plaintiffs:

ADVANCED GREEN INNOVATIONS, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

ZHRO SOLUTIONS, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

ZHRO POWER, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

### Non-Debtor Plaintiffs:

Perry Pauley
GREEN ENGINE CONVERSIONS, LLC
4920 W Electra Ln
Glendale AZ 85310
ppauley05@gmail.com

Brian Tolman
GREEN TECH DIESEL CONVERSIONS, LLC
3681 E Arabian Dr
Gilbert AZ 85296
brian@greentechdiesel.com

Kyle Conway
DUAL FUEL AZ II, LLC
1620 E Country Ln
Gilbert AZ 85298
kyle@dualfuelaz.com

Kyle Conway
CONWAY FEED, LLC
1620 E Country Ln
Gilbert AZ 85298
kyle@dualfuelaz.com

Mark Williams
LOMAR HOLDINGS, LLC
mark@lomarcompanies.com

Ryan Zeleznak
DF EMPOWER, LLC
10168 E Bayview Dr
Scottsdale AZ 85258
ryan@creamistryn7.com

Jeff Beach
BEACH CORP.
7114 E. Stetson Dr., Ste. 400
Scottsdale AZ 85251
jbeach@hogangroupaz.com

CC: Michael W. Carmel, Esq.
Law Offices of Michael W. Carmel, Ltd.
80 East Columbus Avenue
Phoenix, AZ 85012

Alisa C. Lacey, Esq.
Stinson, LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004

Defendants:

Ken Losch
2801 E. Camelback Rd. Suite 200
Phoenix, AZ 85016
ken@kennethlosch.com

CC: Michael Jones, Esq.
Philip Giles, Esq.
Allen Barnes & Jones, PLC
1850 N. Central Avenue, Suite 1150
Phoenix, AZ 85004
mjones@allenbarneslaw.com
pgiles@allenbarneslaw.com

26. **Saturday, Sunday or Legal Holiday Resets Date**.  As to any date of required performance set forth herein, if such date shall fall on a Saturday, Sunday, or legal holiday shall automatically be deemed reset to the next business day and performance shall be deemed timely under this Agreement provided that performance is rendered by the date reset by this provision.

Wherefore, this Settlement Agreement has been executed by Plaintiffs, Defendants, and Drance effective June 25, 2021.

**Debtor Plaintiffs:**

ADVANCED GREEN INNOVATIONS, LLC

By: _____
LAURENCE B. TREE, II, CEO
Its: SUCCESSOR, PROTIEVM ENERGY, LLC

ZHRO SOLUTIONS, LLC

By: _____
LAURENCE B. TREE, II, CEO
Its: SUCCESSOR, PROTIEVM ENERGY, LLC

ZHRO POWER, LLC

By: _____
LAURENCE B. TREE, II, CEO
Its: SUCCESSOR, PROTIEVM ENERGY, LLC

**Non-Debtor Plaintiffs:**

GREEN ENGINE CONVERSIONS, LLC

By: _____

Its: _____

GREEN TECH DIESEL CONVERSIONS, LLC

By: _____

Its: _____

DUAL FUEL AZ II, LLC

By: _____

Its: _____

CONWAY FEED, LLC

By: _____

Its: _____

Wherefore, this Settlement Agreement has been executed by Plaintiffs, Defendants, and Drance effective June 25, 2021.

**Debtor Plaintiffs:**

ADVANCED GREEN INNOVATIONS, LLC

By: _____

Its: _____

ZHRO SOLUTIONS, LLC

By: _____

Its: _____

ZHRO POWER, LLC

By: _____

Its: _____

**Non-Debtor Plaintiffs:**

GREEN ENGINE CONVERSIONS, LLC

By: _N Dauley_____

Its: _Manager Member_____

GREEN TECH DIESEL CONVERSIONS, LLC

By: _____

Its: _____

DUAL FUEL AZ II, LLC

By: _____

Its: _____

CONWAY FEED, LLC

By: _____

Its: _____

Wherefore, this Settlement Agreement has been executed by Plaintiffs, Defendants, and Drance effective June 25, 2021.

**Debtor Plaintiffs:**

ADVANCED GREEN INNOVATIONS, LLC

By: _____

Its: _____

ZHRO SOLUTIONS, LLC

By: _____

Its: _____

ZHRO POWER, LLC

By: _____

Its: _____

**Non-Debtor Plaintiffs:**

GREEN ENGINE CONVERSIONS, LLC

By: _____

Its: _____

GREEN TECH DIESEL CONVERSIONS, LLC

By: _____

Its: MANAGER _____

DUAL FUEL AZ II, LLC

By: _____

Its: _____

CONWAY FEED, LLC

By: _____

Its: _____

Wherefore, this Settlement Agreement has been executed by Plaintiffs, Defendants, and Drance effective June 25, 2021.

**Debtor Plaintiffs:**

ADVANCED GREEN INNOVATIONS, LLC

By: _____

Its: _____

ZHRO SOLUTIONS, LLC

By: _____

Its: _____

ZHRO POWER, LLC

By: _____

Its: _____

**Non-Debtor Plaintiffs:**

GREEN ENGINE CONVERSIONS, LLC

By: _____

Its: _____

GREEN TECH DIESEL CONVERSIONS, LLC

By: _____

Its: _____

DUAL FUEL AZ II, LLC

By: _____

Its: _manager_____

CONWAY FEED, LLC

By: _____

Its: _CEO_____

{00311562}
CORE/3517146.0003/167366311.6

LOMAR HOLDINGS, LLC

By: _Mr8 CWilliams_

Its: _Manager_

DF EMPOWER, LLC

By: _____

Its: _____

BEACH CORP.

By: _____

Its: _____

**Defendants**

DUAL FUEL, LLC

By: _____

Its: _____

KENNETH LOSCH

_____

COCHISE INVESTMENTS, LLC

By: _____

Its: _____

LORI LOSCH

_____

**Non-Litigating Parties**

MICHAEL DRANCE

_____

TERRY KENNON

_____

MICHAEL BROWN

_____

GREG BROWN

_____

LOMAR HOLDINGS, LLC                    DF EMPOWER, LLC

By: _____          By: _____

Its: _____          Its: _____

BEACH CORP.

By: _____

Its: _____

**Defendants**

DUAL FUEL, LLC                         KENNETH LOSCH

By: _____          _____

Its: _____

COCHISE INVESTMENTS, LLC               LORI LOSCH

By: _____          _____

Its: _____

**Non-Litigating Parties**

MICHAEL DRANCE                         TERRY KENNON

_____              _____

MICHAEL BROWN                          GREG BROWN

_____              _____

LOMAR HOLDINGS, LLC

By: _____

Its: _____

DF EMPOWER, LLC

By: _____

Its: _____

BEACH CORP.

By: _~signature~_

Its: _President_

## Defendants

DUAL FUEL, LLC

By: _____

Its: _____

COCHISE INVESTMENTS, LLC

By: _____

Its: _____

KENNETH LOSCH

_____

LORI LOSCH

_____

## Non-Litigating Parties

MICHAEL DRANCE

_____

MICHAEL BROWN

_____

TERRY KENNON

_____

GREG BROWN

_____

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE
## (AGI, *et al.* v. Dual Fuel, LLC, *et. al.*)

## Introduction

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is entered into on the 25th day of June, 2021, by and between: 1) **Plaintiffs**: Advanced Green Innovations, LLC ("**AGI**"), ZHRO Solutions, LLC and ZHRO Power, LLC (collectively "**ZHRO**") and together with AGI, the "**Debtor Plaintiffs**"[1], together with Green Engine Conversions, LLC, Green Tech Diesel Conversions, LLC, Dual Fuel AZ II, LLC, Conway Feed, LLC, Lomar Holdings, LLC, DF Empower, LLC, and Beach Corp. (collectively the "**Non-Debtor Plaintiffs**") (Debtor Plaintiffs and the non-Debtor Plaintiffs are together referred to as the ("**Plaintiffs**"); and 2) the Defendants: Dual Fuel, LLC ("**Dual Fuel**"), Kenneth and Lori Losch ("**Losch**"), and Cochise Investments, LLC ("**Cochise**,") (collectively the "**Defendants**"). Additional parties to this Agreement are Michael Drance, Terry Kennon, Michael Brown, Greg Brown, Thomas C. Niccoli, Kasey Knoles, Michael Hill, Comanche Gas Solutions, LLC, Brian Snider, Adam Webb, John Madrigal, Robert Gunnell, Sebastean Losch, Kristean Losch, and Theodore Claassen, Sr. ("**Non-Litigating Parties**"). Collectively, the Plaintiffs, the Defendants, and all Non-Litigating Parties shall be referred to herein as the Parties.

## Recitals

A.      APG Shares. As of date of this Agreement, American Power Group, Inc. ("**APG**") has issued 243,113,500 shares of stock to Dual Fuel ("**Dual Fuel Stock**"). In addition, APG has 56,032,400 additional shares which are eligible for issuance to Dual Fuel. The Dual Fuel Stock and the additional 56,032,400 shares (total 299,145,900 shares) of APG shall be referred to herein as the "**APG Shares.**" The ownership of the APG Shares is the subject of claims in the Adversary Case, defined below. Debtor Plaintiffs allege, among other things, that such shares were rightfully the property of the Debtor Plaintiffs, and should not have been issued, and should not be issued, to Dual Fuel. Plaintiffs secured the TRO and Preliminary Injunction (both defined below), among

---

[1] Debtor Plaintiffs are succeeded by the reorganized debtor, Proteum Energy, LLC ("Proteum"). Proteum is a Party to this Agreement, and will execute this Agreement on behalf of the Debtor Plaintiffs.

other reasons, in order to reflect that the APG Shares are subject to adverse claims of ownership. Defendants dispute Plaintiffs' assertions and allege that Dual Fuel rightfully owns the APG Shares.

B.     Conway Feed Case.  On October 11, 2019, Conway Feed, LLC filed suit against Dual Fuel, LLC.  Case No. CV2019-013572, Maricopa County Superior Court ("**Conway Feed Case**").  The Default Judgment was entered on June 15, 2020 and was later set aside pursuant to the Motion to Set Aside Default. A Stipulation and Joint Request to Reschedule Scheduling Conference were filed on May 21, 2021.  An Order vacating the Rule 16(d) Scheduling Conference was entered May 26, 2021. The Conway Feed Case remains pending before the Superior Court.

C.     Bankruptcy Cases.  On September 16, 2019, Advanced Green Innovations, LLC, a Nevada limited liability company and its wholly owned subsidiaries ZHRO Solutions, LLC, a Nevada limited liability company; and ZHRO Power, LLC, a Delaware limited liability company (collectively the "**Debtors**"), filed their voluntary Chapter 11 bankruptcy petitions under Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Arizona (the "**Bankruptcy Court**") (the "**Petition Date**"), Case Nos. 2:19-bk-11766-MCW, 2:19-bk-11771-MCW, and 2:19-bk-11768-MCW ("**Bankruptcy Cases**").

D.     Adversary Case.  On March 11, 2020, Plaintiffs filed the adversary *Complaint (Verified) (Usurpation of Corporate Opportunity, Fraudulent Transfer, Securities Fraud, Fraud, Misappropriation, Turnover, Request for Imposition of Constructive Trust, Temporary Restraining Order, Injunction, Avoidance of Post-Petition Transfer)* [Dkt. No. 1] against the Defendants, Adversary Case No. 2:20-ap-00068-MCW ("**Adversary Case**").

E.     Cases.  Together, the Conway Feed Case and the Adversary Case shall be referred to as the "**Cases**."

F.     TRO.  On March 11, 2020, the Bankruptcy Court entered the *Temporary Restraining Order* [Dkt. No. 5] ("**TRO**"). The TRO enjoined, among other things, Defendants from alienating, transferring, dissipating or otherwise disposing of the APG Shares, or any other any interests in APG pending further order of the Court.

G.        Preliminary Injunction.   The Bankruptcy Court entered the *Order Granting Preliminary Injunction* [Dkt. No. 54] on June 3, 2020 ("**Preliminary Injunction**"). Thereafter, the Plaintiffs recorded the following UCC documents (collectively, the "**UCCs**"): on June 5, 2020, a UCC-1 was recorded by the Iowa Secretary of State [No. P20001312-3]; on June 26, 2020, a UCC-1 was recorded by the Arizona Secretary of State [No. 2020-004-1384-9], and on June 4, 2020, a UCC-1 was recorded by the Delaware Department of State [No. 2020 3916469]. The Preliminary Injunction echoed the terms of the TRO.

H.        Plan.   On July 22, 2020, the Court entered the *Order Confirming Chapter 11 Plan of Reorganization Jointly Proposed by the Debtors, CH4 Power, LLC, and the Ad Hoc Committee of Certain Creditors Dated June 8, 2020* [Dkt. No. 455].

I.        Contribution and Recovery Agreement.   On March 1, 2020, the Plaintiffs entered into the Contribution and Recovery Agreement ("**CRA**"). Under that agreement, costs and recoveries were shared amongst the Plaintiffs based upon the agreed percentages in Exhibit A thereto.

J.        Second Amended Complaint.   On September 10, 2020, the Plaintiffs filed the *Second Amended Complaint (Verified) (Usurpation of Corporate Opportunity, Fraudulent Transfer, Securities Fraud, Fraud, Misappropriation, Turnover, Request for Imposition of Constructive Trust, Temporary Restraining Order, Injunction, Avoidance of Post-Petition Transfer)* [Dkt. No. 76] in adversary case 2:20-ap-00068-MCW.

K.        Answer.   On September 25, 2020, the Defendants filed their *Answer to the Second Amended Complaint* [Dkt. No. 79].

L.        Non-Litigating Parties.   Michael Drance ("**Drance**") invested in a Dual Fuel distributorship agreement, but is not a plaintiff in the Adversary Case. The Plaintiffs and the Defendants desire to resolve any potential claims of Drance in this Agreement. Defendants and Plaintiffs have propounded various discovery requests concerning the acts of Terry Kennon,

Michael Brown, Greg Brown, Thomas C. Niccoli, Kasey Knoles, Michael Hill, Comanche Gas Solutions, LLC, Brian Snider, Adam Webb, John Madrigal, Robert Gunnell, Sebastean Losch, Kristean Losch, and Theodore Claassen, Sr. related to the Adversary Case. The Parties desire to resolve any potential assertions concerning such parties in this Agreement.

M.      <u>Motion to Implement</u>. The Parties have determined to resolve all of the issues and claims between them, and agree to permit the Court to order: (1) the modification of the Preliminary Injunction and implementation of this Agreement, (2) the return of Dual Fuel Stock to APG for, the re-distribution of the APG Shares as set forth herein, and (3) such other matters as required to implement the Agreement ("**Motion to Implement**").

N.      <u>Standstill and no admissions</u>. A *Notice of Preliminary Settlement and Stipulation* has been filed with the Bankruptcy Court on May 26, 2021. The Court entered an *Order Granting Stipulation for Litigation Standstill* on May 27, 2021 [Dkt. No. 186]. The Parties desire to compromise and settle, without admission of liability by any Party, any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated in any way relating to the Cases, Dual Fuel or APG, and any and all threatened claims or counterclaims related to the Cases.

NOW, THEREFORE, for and in consideration of the mutual promises and covenants, warranties, releases and agreements contained herein, and other good and valuable consideration to each of the Parties hereto, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby covenant and agree as follows:

## Terms

1.      **Recitals Incorporated**. The Recitals set forth above are incorporated herein by reference and shall constitute Terms of this Agreement.

2.      **No Other APG shares Owned by Defendants**. Defendants each represent and warrant, that other than the APG Shares, there are no other APG shares issued to, nor any options,

warrants, executory purchase agreements, or other rights to acquire, or exercise any proxy for, any additional shares of APG available to any Defendant or any entity directly or indirectly affiliated with any of the Defendants, and/or, other than existing APG shareholders, any "insider" of Defendants, as that term is defined in 11 U.S.C. §101 (31).

3.      **Modification of Preliminary Injunction**. Plaintiffs agree to permit the Court to order modification of the Preliminary Injunction and UCC-1s (which recorded the Preliminary Injunction) as necessary for the Court to order performance of this Agreement. Plaintiffs will file an appropriate motion ("**Motion to Implement** ") within two (2) business days of execution of this Agreement by all parties hereto. Defendants will join in the Motion. The Plaintiffs and Defendants agree to seek expedited consideration by the Bankruptcy Court of the Motion. The Motion shall request the Court order return of the stock issued to Dual Fuel to APG and the redemption and reissuance of the stock by APG as provided herein, and the terms of such issuance, and will otherwise ask the Court to order implementation of this Agreement. The Court's final and non-appealable order granting the Motion to Implement shall be referred to herein as the "**Order Approving and Implementing Settlement**."

4.      **Transfer of APG Stock Back to APG**. Within two (2) business days of the entry of the Order Approving and Implementing Settlement, Dual Fuel will return any and all original APG stock certificate(s) to APG, for subsequent re-issuance as noted in Sections 5 and 6 below.

5.      **Transfer of APG Stock to Plaintiffs**. Within 2 business days of APG receiving the return of the Dual Fuel Stock certificate, in accordance with the Order Approving and Implementing Settlement, APG agrees to instruct its transfer agent to issue stock certificates representing 80% (239,316,720 shares) of the APG Shares, in the aggregate, with all voting rights with respect to such shares, to the following parties (amounts are based upon the CRA):

| Proteum Energy, LLC (Reorganized AGI /ZHRO) | 47,863,344 shares |
| Green Engine Conversions, LLC | 86,996,404 shares |

Bender Ventures, LLC
BTPez, LLC
DG & KIKI Family Investments, LLC
Fishes & Loaves LLC



Robert R. & Barbara E. Fraley
Rocky Gingg
Graham Family Investments, LLC
Linda M. and Peter A. Hamstra
TandKHowardIII, LLC
Paul C. Kottler and Bethany Powell JTWROS-
Joint Tenants with Right of Survivorship
Reg C. Martin
Olson Office Warehouse, LLC
Pauley Family Trust
Teri M. Pebsworth Supplemental Needs Trust
Tailing Tarpon LLC
David L. Tyson
Charles Vagrosky
Robert T. & Andrea M. VanHofwegen
Young Family Living Trust

| | |
|---|---|
| Dual Fuel AZ II, LLC | 47,403,866 shares |
| Conway Feed | 7,811,298 shares |
| DF Empower, LLC | 31,264,336 shares |

West Coast Enterprises LP
WG Partners LLC
Claasen JR PLC
Jackson Enterprises LLC
Ron and Nancy Hanson
C3 Green II LLC

| | |
|---|---|
| Green Tech Diesel Conversions, LLC | 5,992,491 shares |
| Lomar Holdings, LLC | 7,485,827 shares |
| Beach Corp. | 4,499,154 shares |

The newly issued shares will be subject to restrictions under 17 C.F.R. § 230.144 ("**Rule 144**"), and must be held for one year before they can be sold under Rule 144. If any transferee acquires 10% or more of the outstanding shares of APG, the transferee will be deemed an "Affiliate" and the shares deemed to be "Control Securities." Control Securities transferred in compliance with Rule 144 can become freely tradeable immediately, but if Rule 144 is not met, they become "restricted securities," as though they had been issued directly by the company in an unregistered private placement. No individual Plaintiff, nor any group of Plaintiffs, shall be considered or deemed to be a successor or assign of Dual Fuel by reason of the issuance of the APG Shares as set forth herein.

6.    **Transfer of APG Stock to Dual Fuel**. In addition, within two (2) business days of APG receiving the return of the Dual Fuel Stock certificate and in accordance with the Order Approving and Implementing Settlement, APG agrees to instruct its transfer agent to reissue a stock certificate representing 20% (59,829,180 shares) from the existing stock certificate of the Dual Fuel APG Shares, with all voting rights with respect to such shares, to Dual Fuel. The newly issued shares will be subject to restrictions under Rule 144.

7.    **APG Board of Directors**. Effective upon entry of the Order Approving and Implementing the Settlement: (a) Defendant Losch shall be deemed to have resigned from the APG Board of Directors, and resigns in any capacity as an officer, director, employee, consultant, licensee or agent of APG; (b) Defendants assign all of Dual Fuel's rights, such as they may be, to nominate board members of APG to Plaintiffs, and (c) Defendants assign any other operational controls that Dual Fuel may possess with respect to APG, to Plaintiffs. Defendants represent and warrant that other than the APG stock that was issued to Dual Fuel under this Agreement, they have, or will have, no rights, positions, or agreements with respect to APG. Defendants agree that Dual Fuel will, if a share vote is required, vote its shares in favor of the Board candidate(s) proposed by Plaintiffs, or some of them. Losch agrees that he will not serve in the capacity as an officer, director, board member, employee, licensee or consultant of APG.

8.    **Master Dealer Installer Agreement**. Effective upon entry of the Order Approving and Implementing the Settlement, Defendants agree that the Master Dealer-Installer Agreement, and any and all amendments thereto, between Dual Fuel and APG is terminated, and that Defendants, and any and all affiliates of Defendants, shall have no further rights with respect to such agreement.

9.    **Termination of the Preliminary Injunction and Dismissal With Prejudice**. Within 5 business days of: (1) The Order Approving and Implementing the Settlement, **and** (2) APG's compliance with the terms of this Agreement, the Plaintiffs and Defendants will submit a stipulation that all litigation between them (the Cases) will be dismissed with prejudice, that the Preliminary Injunction shall terminate and be of no further effect, and that no costs or fees will be assessed by the Court in favor of any Party. Upon the Court's Dismissal With Prejudice of the

{00311562}
CORE/3517146.0003/167366311.6
Page | 7
Case 2:20-ap-00068-MCW   Doc 196   Filed 07/23/21   Entered 07/23/21 15:01:05   Desc
Main Document   Page 31 of 67

Adversary Case, the Plaintiffs will record termination notices for the UCC's within 5 business days. The Parties agree that, subject to the Bankruptcy Court's discretion, the Bankruptcy Court may retain, or be referred, jurisdiction to enforce this Settlement Agreement, and that any action to enforce or for interpretation of this Settlement Agreement or any related matter, may be brought in the United States Bankruptcy Court for the District of Arizona, and the parties agree to submit to the exclusive jurisdiction of, and agree that venue is proper in, such Court, and that such forum, shall be the exclusive forum for resolving disputes arising out of this Agreement. The Parties waive any jury trial rights with respect to any controversy concerning this Agreement.

10. **Mutual Releases**. Upon Entry of the Order Approving and Implementing the Settlement, the following releases shall be automatically and fully effective as set forth herein:

a. <u>Plaintiffs release Defendants</u>. Plaintiffs, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against Defendants, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases.

b. <u>Defendants release Plaintiffs</u>. Defendants, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against Plaintiffs, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases.

c. <u>Release of Non-Litigating Parties</u>. Plaintiffs and Defendants, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders,

employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against the Non-Litigating Parties, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases. Notwithstanding anything in this Agreement to the contrary, nothing in this Agreement shall release any investors' interests in any Non-Debtor Plaintiff.

      d.   <u>Release by Non-Litigating Parties</u>. The Non-Litigating Parties , on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against Plaintiffs or the Defendants, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases. Notwithstanding anything in the Agreement to the contrary, nothing in this Agreement shall release any investors' interests in any Non-Debtor Plaintiff.

      e.   For clarity, there are no releases between and among the Non-Litigating Parties contained in this Agreement.

      f.   Notwithstanding anything to the contrary in this Agreement, the Parties reserve the right to enforce provisions of this Agreement.

      g.   Without modifying or reducing the releases set forth in 10 a through d herein, no Party hereto is indemnifying or insuring any other Party from or against any potential claims by third parties.

11. **Notice to U.S. Attorney's Office**. The Motion to Implement shall be served upon the United States Attorney for the District of Arizona, to the attention of the counsel assigned to Losch's pending criminal case before the United States District Court for the District of Arizona,

Case No. CR-19-00294-001-PHX-MTL. In the event there is any objection to the Motion to Implement filed by the U.S. Attorney's office, and if the objection is that this Agreement is legally unable to be performed and such objection is determined to be valid by entry of an order from a court of competent jurisdiction, this Agreement will be deemed null and void, and it may not be relied upon for any purpose.

12. **No Representations Regarding Tax/ Securities Treatment**. No party to this Agreement is relying upon any advice or representations of any other party with respect to the tax consequences, or securities consequences, of this Agreement. Each party hereto expressly agrees that it is responsible for seeking and obtaining appropriate tax or accounting advice, and securities trading advice.

13. **Advice of Counsel**. Each party has received independent legal advice from their attorney with respect to the advisability of making the settlement set forth herein, and executing this Settlement Agreement. All parties hereto agree that they, or their representatives, participated in the drafting of this Agreement or had the opportunity to do so. All parties hereto agree that they were separately represented and advised by counsel with respect to the provisions of this Agreement.

14. **No Admission**. The Parties agree that in entering into this Settlement Agreement there is no admission of any liability, wrongdoing or fault.

15. **Governing Law**. This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of Arizona and the United States of America.

16. **Joint Drafting**. Each Party has cooperated in and reviewed the drafts and preparation of this Settlement Agreement and no Party shall be deemed the "drafter" in this Agreement. Hence, the Agreement shall be construed within its fair meaning and not against any Party hereto.

17. **Attorneys Fees**. No attorney's fees or costs shall be assessed against or for any Party as the result of the Litigation. However, in the event that there is litigation commenced after

Case 2:20-ap-00068-MCW    Doc 196    Filed 07/23/21    Entered 07/23/21 15:01:05    Desc
Main Document    Page 34 of 67

the date that this Settlement Agreement is executed asserting a breach of this Settlement Agreement, the prevailing party or parties shall be entitled to recover costs, including reasonable attorney's fees incurred in such litigation to enforce the terms of this Settlement Agreement.

18. **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties relating to the subject matter of this Agreement and supersedes all prior oral and written agreements relating to the subject matter of this Agreement.

21. **Modification.** This Agreement may not be amended, supplemented, changed or modified in any manner, except by a writing signed by each of the Parties. Moreover, parole evidence cannot be used to interpret, alter, or contradict the terms of this Agreement.

22. **Severance.** If any provision or part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable or contrary to public policy or any law, then the remainder of the Agreement shall not be affected thereby and shall remain in full force and effect.

23. **Non-Disparagement/Confidentiality Provision.** The Parties and their counsel recognize that this Agreement will be filed with the Court as an exhibit to the Motion to Implement. Further, the Parties understand that certain other parties will reasonably require knowledge of this Agreement in order to complete future transactions. The Parties are permitted to advise their investors, shareholders or members of this Agreement. The Parties agree to reasonably refrain from further commenting upon or publicizing this Agreement, unless required by law.

24. **Counterparts, Required Dates of Execution.** This Agreement may be executed in counterparts by .pdf, and counsel representing each respective Party shall e-mail a .pdf of the signatures to the opposing counsel. The Parties reserve the right to later request original signatures from the Plaintiffs and Defendants, allowing a reasonable period time for transmittal of such originals. Plaintiffs, Defendants and Drance are each required to execute this Agreement, and provide at least a .pdf signature to their counsel **by June 25, 2021**, or this Agreement shall be deemed null and void. Non-Litigating Parties (other than Drance), if they wish to derive the benefit of any provision of this Agreement, must each execute this Agreement by **no later than July 2, 2021 at 5:00 P.M. Arizona time** and must provide a .pdf of its signature to either counsel for Plaintiffs or counsel for the Defendants by such date and time. **Any Non-Litigating Party** (other

than Drance) **that fails to execute this Agreement on or before such date and time shall be deemed "dropped" as a party to this Agreement, shall be excluded from the Agreement, and shall not be entitled to any benefits hereunder.** The Agreement shall be deemed fully binding and valid regardless of whether a Non-Litigating Party "drops" by virtue of a failure to timely sign.

25. **Notice**. Notice given to any party under this Agreement shall be given by e-mail, with a copy sent by overnight express mail, and shall be deemed effective two full business days after sending the overnight express mail. Courtesy copies do not constitute notice to a party. Notices shall be provided at the following addresses:

**Debtor Plaintiffs:**

ADVANCED GREEN INNOVATIONS, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

ZHRO SOLUTIONS, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

ZHRO POWER, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

**Non-Debtor Plaintiffs:**

Perry Pauley
GREEN ENGINE CONVERSIONS, LLC
4920 W Electra Ln
Glendale AZ 85310
ppauley05@gmail.com

Brian Tolman
GREEN TECH DIESEL CONVERSIONS, LLC
3681 E Arabian Dr
Gilbert AZ 85296
brian@greentechdiesel.com

Kyle Conway
DUAL FUEL AZ II, LLC
1620 E Country Ln
Gilbert AZ 85298
kyle@dualfuelaz.com

Kyle Conway
CONWAY FEED, LLC
1620 E Country Ln
Gilbert AZ 85298
kyle@dualfuelaz.com

Mark Williams
LOMAR HOLDINGS, LLC
mark@lomarcompanies.com

Ryan Zeleznak
DF EMPOWER, LLC
10168 E Bayview Dr
Scottsdale AZ 85258
ryan@creamistryn7.com

Jeff Beach
BEACH CORP.
7114 E. Stetson Dr., Ste. 400
Scottsdale AZ 85251
jbeach@hogangroupaz.com

  CC: Michael W. Carmel, Esq.
     Law Offices of Michael W. Carmel, Ltd.
     80 East Columbus Avenue
     Phoenix, AZ 85012

     Alisa C. Lacey, Esq.
     Stinson, LLP
     1850 N. Central Avenue, Suite 2100
     Phoenix, AZ 85004

  Defendants:

     Ken Losch
     2801 E. Camelback Rd. Suite 200
     Phoenix, AZ 85016
     ken@kennethlosch.com

  CC: Michael Jones, Esq.
     Philip Giles, Esq.
     Allen Barnes & Jones, PLC
     1850 N. Central Avenue, Suite 1150
     Phoenix, AZ 85004
     mjones@allenbarneslaw.com
     pgiles@allenbarneslaw.com

  26. **Saturday, Sunday or Legal Holiday Resets Date**. As to any date of required performance set forth herein, if such date shall fall on a Saturday, Sunday, or legal holiday shall automatically be deemed reset to the next business day and performance shall be deemed timely under this Agreement provided that performance is rendered by the date reset by this provision.

LOMAR HOLDINGS, LLC

By: _____

Its: _____

BEACH CORP.

By: _____

Its: _____

DF EMPOWER, LLC

By: _____

Its: _____

**Defendants**

DUAL FUEL, LLC

By: _____

Its: _____ Manager _____

COCHISE INVESTMENTS, LLC

By: _____

Its: _____ Manager _____

KENNETH LOSCH

_____

LORI LOSCH

_____

**Non-Litigating Parties**

MICHAEL DRANCE

_____

MICHAEL BROWN

_____

TERRY KENNON

_____

GREG BROWN

_____

LOMAR HOLDINGS, LLC

By: _____

Its: _____

DF EMPOWER, LLC

By: _____

Its: _____

BEACH CORP.

By: _____

Its: _____

**Defendants**

DUAL FUEL, LLC

By: _____

Its: _____ *manager* _____

KENNETH JOSHUA

_____

COCHISE INVESTMENTS, LLC

By: _____

Its: _____ *manager* _____

LORI LOSCH

_____

**Non-Litigating Parties**

MICHAEL DRANCE

_____

TERRY KENNON

_____

MICHAEL BROWN

_____

GREG BROWN

_____

LOMAR HOLDINGS, LLC                    DF EMPOWER, LLC

By: _____          By: _____

Its: _____         Its: _____

BEACH CORP.

By: _____

Its: _____

## Defendants

DUAL FUEL, LLC                         KENNETH LOSCH

By: _____          _____

Its: _____

COCHISE INVESTMENTS, LLC               LORI LOSCH

By: _____          _____

Its: _____

## Non-Litigating Parties

MICHAEL DRANCE                         TERRY KENNON

_____              _____

MICHAEL BROWN                          GREG BROWN

_____              _____

LOMAR HOLDINGS, LLC

By: _____

Its: _____

BEACH CORP.

By: _____

Its: _____

DF EMPOWER, LLC

By: _____

Its: _____

**Defendants**

DUAL FUEL, LLC

By: _____

Its: _____

COCHISE INVESTMENTS, LLC

By: _____

Its: _____

KENNETH LOSCH

_____

LORI LOSCH

_____

**Non-Litigating Parties**

MICHAEL DRANCE

_____

MICHAEL BROWN

_____

TERRY KENNON

_____

GREG BROWN

_____

LOMAR HOLDINGS, LLC

By: _____

Its: _____

BEACH CORP.

By: _____

Its: _____

DF EMPOWER, LLC

By: _____

Its: _____

**Defendants**

DUAL FUEL, LLC

By: _____

Its: _____

COCHISE INVESTMENTS, LLC

By: _____

Its: _____

KENNETH LOSCH

_____

LORI LOSCH

_____

**Non-Litigating Parties**

MICHAEL DRANCE

_____

MICHAEL BROWN

_____

TERRY KENNON

_____

GREG BROWN

_____

LOMAR HOLDINGS, LLC                 DF EMPOWER, LLC

By: _____       By: _____

Its: _____      Its: _____

BEACH CORP.

By: _____

Its: _____

**Defendants**

DUAL FUEL, LLC                       KENNETH LOSCH

By: _____        _____

Its: _____

COCHISE INVESTMENTS, LLC             LORI LOSCH

By: _____        _____

Its: _____

**Non-Litigating Parties**

MICHAEL DRANCE                       TERRY KENNON

_____            _____

MICHAEL BROWN                        GREG BROWN

_____            _____
                                     478F69EECF904F5...

THOMAS C. NICCOLI

_(signature)_

KASEY KNOLES

_____

MICHAEL HILL

_____

COMANCHE GAS SOLUTIONS, LLC

By: _____

Its: _____

BRIAN SNIDER

_____

ADAM WEBB

_____

JOHN MADRIGAL

_____

ROBERT GUNNEL

_____

THEODORE CLAASSEN, SR.

_____

KRISTEAN LOSCH

_____

SEBASTEAN LOSCH

_____

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE
## (AGI, *et al.* v. Dual Fuel, LLC, *et. al.*)

## Introduction

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is entered into on the 25th day of June, 2021, by and between: 1) **Plaintiffs**: Advanced Green Innovations, LLC ("**AGI**"), ZHRO Solutions, LLC and ZHRO Power, LLC (collectively "**ZHRO**") and together with AGI, the "**Debtor Plaintiffs**"[1], together with Green Engine Conversions, LLC, Green Tech Diesel Conversions, LLC, Dual Fuel AZ II, LLC, Conway Feed, LLC, Lomar Holdings, LLC, DF Empower, LLC, and Beach Corp. (collectively the "**Non-Debtor Plaintiffs**") (Debtor Plaintiffs and the non-Debtor Plaintiffs are together referred to as the ("**Plaintiffs**"); and 2) the Defendants: Dual Fuel, LLC ("**Dual Fuel**"), Kenneth and Lori Losch ("**Losch**"), and Cochise Investments, LLC ("**Cochise**,") (collectively the "**Defendants**"). Additional parties to this Agreement are Michael Drance, Terry Kennon, Michael Brown, Greg Brown, Thomas C. Niccoli, Kasey Knox, Michael Hill, Comanche Gas Solutions, LLC, Brian Snider, Adam Webb, John Madrigal, Robert Gunnell, Sebastean Losch, Kristean Losch, and Theodore Claassen, Sr. ("**Non-Litigating Parties**"). Collectively, the Plaintiffs, the Defendants, and all Non-Litigating Parties shall be referred to herein as the Parties.

## Recitals

A.      APG Shares. As of date of this Agreement, American Power Group, Inc. ("**APG**") has issued 243,113,500 shares of stock to Dual Fuel ("**Dual Fuel Stock**"). In addition, APG has 56,032,400 additional shares which are eligible for issuance to Dual Fuel. The Dual Fuel Stock and the additional 56,032,400 shares (total 299,145,900 shares) of APG shall be referred to herein as the "**APG Shares**." The ownership of the APG Shares is the subject of claims in the Adversary Case, defined below. Debtor Plaintiffs allege, among other things, that such shares were rightfully the property of the Debtor Plaintiffs, and should not have been issued, and should not be issued, to Dual Fuel. Plaintiffs secured the TRO and Preliminary Injunction (both defined below), among

---

[1] Debtor Plaintiffs are succeeded by the reorganized debtor, Proteum Energy, LLC ("Proteum"). Proteum is a Party to this Agreement, and will execute this Agreement on behalf of the Debtor Plaintiffs.

other reasons, in order to reflect that the APG Shares are subject to adverse claims of ownership. Defendants dispute Plaintiffs' assertions and allege that Dual Fuel rightfully owns the APG Shares.

B.    <u>Conway Feed Case</u>.  On October 11, 2019, Conway Feed, LLC filed suit against Dual Fuel, LLC.  Case No. CV2019-013572, Maricopa County Superior Court ("**Conway Feed Case**"). The Default Judgment was entered on June 15, 2020 and was later set aside pursuant to the Motion to Set Aside Default. A Stipulation and Joint Request to Reschedule Scheduling Conference were filed on May 21, 2021.  An Order vacating the Rule 16(d) Scheduling Conference was entered May 26, 2021. The Conway Feed Case remains pending before the Superior Court.

C.    <u>Bankruptcy Cases</u>.  On September 16, 2019, Advanced Green Innovations, LLC, a Nevada limited liability company and its wholly owned subsidiaries ZHRO Solutions, LLC, a Nevada limited liability company; and ZHRO Power, LLC, a Delaware limited liability company (collectively the "**Debtors**"), filed their voluntary Chapter 11 bankruptcy petitions under Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Arizona (the "**Bankruptcy Court**") (the "**Petition Date**"), Case Nos. 2:19-bk-11766-MCW, 2:19-bk-11771-MCW, and 2:19-bk-11768-MCW ("**Bankruptcy Cases**").

D.    <u>Adversary Case</u>.  On March 11, 2020, Plaintiffs filed the adversary *Complaint (Verified) (Usurpation of Corporate Opportunity, Fraudulent Transfer, Securities Fraud, Fraud, Misappropriation, Turnover, Request for Imposition of Constructive Trust, Temporary Restraining Order, Injunction, Avoidance of Post-Petition Transfer)* [Dkt. No. 1] against the Defendants, Adversary Case No. 2:20-ap-00068-MCW ("**Adversary Case**").

E.    <u>Cases</u>.  Together, the Conway Feed Case and the Adversary Case shall be referred to as the "**Cases**."

F.    <u>TRO</u>.  On March 11, 2020, the Bankruptcy Court entered the *Temporary Restraining Order* [Dkt. No. 5] ("**TRO**"). The TRO enjoined, among other things, Defendants from alienating, transferring, dissipating or otherwise disposing of the APG Shares, or any other any interests in APG pending further order of the Court.

G.      <u>Preliminary Injunction</u>.   The Bankruptcy Court entered the *Order Granting Preliminary Injunction* [Dkt. No. 54] on June 3, 2020 ("**Preliminary Injunction**").   Thereafter, the Plaintiffs recorded the following UCC documents (collectively, the "**UCCs**"): on June 5, 2020, a UCC-1 was recorded by the Iowa Secretary of State [No. P20001312-3]; on June 26, 2020, a UCC-1 was recorded by the Arizona Secretary of State [No. 2020-004-1384-9], and on June 4, 2020, a UCC-1 was recorded by the Delaware Department of State [No. 2020 3916469]. The Preliminary Injunction echoed the terms of the TRO.

H.      <u>Plan</u>. On July 22, 2020, the Court entered the *Order Confirming Chapter 11 Plan of Reorganization Jointly Proposed by the Debtors, CH4 Power, LLC, and the Ad Hoc Committee of Certain Creditors Dated June 8, 2020* [Dkt. No. 455].

I.      <u>Contribution and Recovery Agreement</u>.   On March 1, 2020, the Plaintiffs entered into the Contribution and Recovery Agreement ("**CRA**").   Under that agreement, costs and recoveries were shared amongst the Plaintiffs based upon the agreed percentages in Exhibit A thereto.

J.      <u>Second Amended Complaint</u>.   On September 10, 2020, the Plaintiffs filed the *Second Amended Complaint (Verified) (Usurpation of Corporate Opportunity, Fraudulent Transfer, Securities Fraud, Fraud, Misappropriation, Turnover, Request for Imposition of Constructive Trust, Temporary Restraining Order, Injunction, Avoidance of Post-Petition Transfer)* [Dkt. No. 76] in adversary case 2:20-ap-00068-MCW.

K.      <u>Answer</u>. On September 25, 2020, the Defendants filed their *Answer to the Second Amended Complaint* [Dkt. No. 79].

L.      <u>Non-Litigating Parties</u>.   Michael Drance ("**Drance**") invested in a Dual Fuel distributorship agreement, but is not a plaintiff in the Adversary Case.   The Plaintiffs and the Defendants desire to resolve any potential claims of Drance in this Agreement.   Defendants and Plaintiffs have propounded various discovery requests concerning the acts of Terry Kennon,

Michael Brown, Greg Brown, Thomas C. Niccoli, Kasey Knox Noles, Michael Hill, Comanche Gas Solutions, LLC, Brian Snider, Adam Webb, John Madrigal, Robert Gunnell, Sebastean Losch, Kristean Losch, and Theodore Claassen, Sr. related to the Adversary Case. The Parties desire to resolve any potential assertions concerning such parties in this Agreement.

M.        **Motion to Implement**. The Parties have determined to resolve all of the issues and claims between them, and agree to permit the Court to order: (1) the modification of the Preliminary Injunction and implementation of this Agreement, (2) the return of Dual Fuel Stock to APG for, the re-distribution of the APG Shares as set forth herein, and (3) such other matters as required to implement the Agreement (**"Motion to Implement"**).

N.        **Standstill and no admissions**. A *Notice of Preliminary Settlement and Stipulation* has been filed with the Bankruptcy Court on May 26, 2021. The Court entered an *Order Granting Stipulation for Litigation Standstill* on May 27, 2021 [Dkt. No. 186]. The Parties desire to compromise and settle, without admission of liability by any Party, any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated in any way relating to the Cases, Dual Fuel or APG, and any and all threatened claims or counterclaims related to the Cases.

NOW, THEREFORE, for and in consideration of the mutual promises and covenants, warranties, releases and agreements contained herein, and other good and valuable consideration to each of the Parties hereto, the receipt and sufficiency of which are hereby acknowledged, the Parties do hereby covenant and agree as follows:

## Terms

1.        **Recitals Incorporated**. The Recitals set forth above are incorporated herein by reference and shall constitute Terms of this Agreement.

2.        **No Other APG shares Owned by Defendants**. Defendants each represent and warrant, that other than the APG Shares, there are no other APG shares issued to, nor any options,

warrants, executory purchase agreements, or other rights to acquire, or exercise any proxy for, any additional shares of APG available to any Defendant or any entity directly or indirectly affiliated with any of the Defendants, and/or, other than existing APG shareholders, any "insider" of Defendants, as that term is defined in 11 U.S.C. §101 (31).

3. **Modification of Preliminary Injunction**. Plaintiffs agree to permit the Court to order modification of the Preliminary Injunction and UCC-1s (which recorded the Preliminary Injunction) as necessary for the Court to order performance of this Agreement. Plaintiffs will file an appropriate motion ("**Motion to Implement** ") within two (2) business days of execution of this Agreement by all parties hereto. Defendants will join in the Motion. The Plaintiffs and Defendants agree to seek expedited consideration by the Bankruptcy Court of the Motion. The Motion shall request the Court order return of the stock issued to Dual Fuel to APG and the redemption and reissuance of the stock by APG as provided herein, and the terms of such issuance, and will otherwise ask the Court to order implementation of this Agreement. The Court's final and non-appealable order granting the Motion to Implement shall be referred to herein as the "**Order Approving and Implementing Settlement**."

4. **Transfer of APG Stock Back to APG**. Within two (2) business days of the entry of the Order Approving and Implementing Settlement, Dual Fuel will return any and all original APG stock certificate(s) to APG, for subsequent re-issuance as noted in Sections 5 and 6 below.

5. **Transfer of APG Stock to Plaintiffs**. Within 2 business days of APG receiving the return of the Dual Fuel Stock certificate, in accordance with the Order Approving and Implementing Settlement, APG agrees to instruct its transfer agent to issue stock certificates representing 80% (239,316,720 shares) of the APG Shares, in the aggregate, with all voting rights with respect to such shares, to the following parties (amounts are based upon the CRA):

| | |
|---|---|
| Proteum Energy, LLC (Reorganized AGI /ZHRO) | 47,863,344 shares |
| Green Engine Conversions, LLC | 86,996,404 shares |
| Bender Ventures, LLC | |
| BTPez, LLC | |
| DG & KIKI Family Investments, LLC | |
| Fishes & Loaves LLC | |

Robert R. & Barbara E. Fraley
Rocky Gingg
Graham Family Investments, LLC
Linda M. and Peter A. Hamstra
TandKHowardIII, LLC
Paul C. Kottler and Bethany Powell JTWROS-
Joint Tenants with Right of Survivorship
Reg C. Martin
Olson Office Warehouse, LLC
Pauley Family Trust
Teri M. Pebsworth Supplemental Needs Trust
Tailing Tarpon LLC
David L. Tyson
Charles Vagrosky
Robert T. & Andrea M. VanHofwegen
Young Family Living Trust

| | |
|---|---|
| Dual Fuel AZ II, LLC | 47,403,866 shares |
| Conway Feed | 7,811,298 shares |
| DF Empower, LLC | 31,264,336 shares |

West Coast Enterprises LP
WG Partners LLC
Claasen JR PLC
Jackson Enterprises LLC
Ron and Nancy Hanson
C3 Green II LLC

| | |
|---|---|
| Green Tech Diesel Conversions, LLC | 5,992,491 shares |
| Lomar Holdings, LLC | 7,485,827 shares |
| Beach Corp. | 4,499,154 shares |

The newly issued shares will be subject to restrictions under 17 C.F.R. § 230.144 ("**Rule 144**"), and must be held for one year before they can be sold under Rule 144. If any transferee acquires 10% or more of the outstanding shares of APG, the transferee will be deemed an "Affiliate" and the shares deemed to be "Control Securities." Control Securities transferred in compliance with Rule 144 can become freely tradeable immediately, but if Rule 144 is not met, they become "restricted securities," as though they had been issued directly by the company in an unregistered private placement. No individual Plaintiff, nor any group of Plaintiffs, shall be considered or deemed to be a successor or assign of Dual Fuel by reason of the issuance of the APG Shares as set forth herein.

6. **Transfer of APG Stock to Dual Fuel**. In addition, within two (2) business days of APG receiving the return of the Dual Fuel Stock certificate and in accordance with the Order Approving and Implementing Settlement, APG agrees to instruct its transfer agent to reissue a stock certificate representing 20% (59,829,180 shares) from the existing stock certificate of the Dual Fuel APG Shares, with all voting rights with respect to such shares, to Dual Fuel. The newly issued shares will be subject to restrictions under Rule 144.

7. **APG Board of Directors**. Effective upon entry of the Order Approving and Implementing the Settlement: (a) Defendant Losch shall be deemed to have resigned from the APG Board of Directors, and resigns in any capacity as an officer, director, employee, consultant, licensee or agent of APG; (b) Defendants assign all of Dual Fuel's rights, such as they may be, to nominate board members of APG to Plaintiffs, and (c) Defendants assign any other operational controls that Dual Fuel may possess with respect to APG, to Plaintiffs. Defendants represent and warrant that other than the APG stock that was issued to Dual Fuel under this Agreement, they have, or will have, no rights, positions, or agreements with respect to APG. Defendants agree that Dual Fuel will, if a share vote is required, vote its shares in favor of the Board candidate(s) proposed by Plaintiffs, or some of them. Losch agrees that he will not serve in the capacity as an officer, director, board member, employee, licensee or consultant of APG.

8. **Master Dealer Installer Agreement**. Effective upon entry of the Order Approving and Implementing the Settlement, Defendants agree that the Master Dealer-Installer Agreement, and any and all amendments thereto, between Dual Fuel and APG is terminated, and that Defendants, and any and all affiliates of Defendants, shall have no further rights with respect to such agreement.

9. **Termination of the Preliminary Injunction and Dismissal With Prejudice**. Within 5 business days of: (1) The Order Approving and Implementing the Settlement, **and** (2) APG's compliance with the terms of this Agreement, the Plaintiffs and Defendants will submit a stipulation that all litigation between them (the Cases) will be dismissed with prejudice, that the Preliminary Injunction shall terminate and be of no further effect, and that no costs or fees will be assessed by the Court in favor of any Party. Upon the Court's Dismissal With Prejudice of the

Adversary Case, the Plaintiffs will record termination notices for the UCC's within 5 business days. The Parties agree that, subject to the Bankruptcy Court's discretion, the Bankruptcy Court may retain, or be referred, jurisdiction to enforce this Settlement Agreement, and that any action to enforce or for interpretation of this Settlement Agreement or any related matter, may be brought in the United States Bankruptcy Court for the District of Arizona, and the parties agree to submit to the exclusive jurisdiction of, and agree that venue is proper in, such Court, and that such forum, shall be the exclusive forum for resolving disputes arising out of this Agreement. The Parties waive any jury trial rights with respect to any controversy concerning this Agreement.

10. **Mutual Releases**. Upon Entry of the Order Approving and Implementing the Settlement, the following releases shall be automatically and fully effective as set forth herein:

a. <u>Plaintiffs release Defendants</u>. Plaintiffs, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against Defendants, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases.

b. <u>Defendants release Plaintiffs</u>. Defendants, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against Plaintiffs, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases.

c. <u>Release of Non-Litigating Parties</u>. Plaintiffs and Defendants, on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders,

employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against the Non-Litigating Parties, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to the Cases, Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases. Notwithstanding anything in this Agreement to the contrary, nothing in this Agreement shall release any investors' interests in any Non-Debtor Plaintiff.

d.      <u>Release by Non-Litigating Parties</u>.  The Non-Litigating Parties , on behalf of themselves and their agents, representatives, attorneys, officers, directors, shareholders, employees, members, successors and assigns, do hereby release, remise, and forever discharge, and covenant not to bring against  Plaintiffs or the Defendants, and parties included therein, and their agents, representatives, attorneys, officers, directors, shareholders, members, employees, successors and assigns, (i) any and all claims, causes of action, actions, demands, damages, and costs, whether known, suspected or unknown, fixed, contingent, liquidated or unliquidated which are in any way related to Dual Fuel or APG, and (ii) any and all threatened claims or counterclaims related to the Cases. Notwithstanding anything in the Agreement to the contrary, nothing in this Agreement shall release any investors' interests in any Non-Debtor Plaintiff.

e.      For clarity, there are no releases between and among the Non-Litigating Parties contained in this Agreement.

f.      Notwithstanding anything to the contrary in this Agreement, the Parties reserve the right to enforce provisions of this Agreement.

g.      Without modifying or reducing the releases set forth in 10 a through d herein, no Party hereto is indemnifying or insuring any other Party from or against any potential claims by third parties.

11. **Notice to U.S. Attorney's Office**.  The Motion to Implement shall be served upon the United States Attorney for the District of Arizona, to the attention of the counsel assigned to Losch's pending criminal case before the United States District Court for the District of Arizona,

Case No. CR-19-00294-001-PHX-MTL.  In the event there is any objection to the Motion to Implement filed by the U.S. Attorney's office, and if the objection is that this Agreement is legally unable to be performed and such objection is determined to be valid by entry of an order from a court of competent jurisdiction, this Agreement will be deemed null and void, and it may not be relied upon for any purpose.

12. **No Representations Regarding Tax/ Securities Treatment**.  No party to this Agreement is relying upon any advice or representations of any other party with respect to the tax consequences, or securities consequences, of this Agreement.  Each party hereto expressly agrees that it is responsible for seeking and obtaining appropriate tax or accounting advice, and securities trading advice.

13. **Advice of Counsel**.  Each party has received independent legal advice from their attorney with respect to the advisability of making the settlement set forth herein, and executing this Settlement Agreement. All parties hereto agree that they, or their representatives, participated in the drafting of this Agreement or had the opportunity to do so.  All parties hereto agree that they were separately represented and advised by counsel with respect to the provisions of this Agreement.

14. **No Admission**.  The Parties agree that in entering into this Settlement Agreement there is no admission of any liability, wrongdoing or fault.

15. **Governing Law**.  This Settlement Agreement shall be construed and enforced in accordance with the laws of the State of Arizona and the United States of America.

16. **Joint Drafting**.  Each Party has cooperated in and reviewed the drafts and preparation of this Settlement Agreement and no Party shall be deemed the "drafter" in this Agreement.  Hence, the Agreement shall be construed within its fair meaning and not against any Party hereto.

17. **Attorneys Fees**.  No attorney's fees or costs shall be assessed against or for any Party as the result of the Litigation.  However, in the event that there is litigation commenced after

the date that this Settlement Agreement is executed asserting a breach of this Settlement Agreement, the prevailing party or parties shall be entitled to recover costs, including reasonable attorney's fees incurred in such litigation to enforce the terms of this Settlement Agreement.

18.     **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties relating to the subject matter of this Agreement and supersedes all prior oral and written agreements relating to the subject matter of this Agreement.

21.     **Modification.** This Agreement may not be amended, supplemented, changed or modified in any manner, except by a writing signed by each of the Parties, Moreover, parole evidence cannot be used to interpret, alter, or contradict the terms of this Agreement.

22.     **Severance**. If any provision or part of any provision of this Agreement shall for any reason be held to be invalid, unenforceable or contrary to public policy or any law, then the remainder of the Agreement shall not be affected thereby and shall remain in full force and effect.

23.     **Non-Disparagement/Confidentiality Provision.** The Parties and their counsel recognize that this Agreement will be filed with the Court as an exhibit to the Motion to Implement. Further, the Parties understand that certain other parties will reasonably require knowledge of this Agreement in order to complete future transactions. The Parties are permitted to advise their investors, shareholders or members of this Agreement. The Parties agree to reasonably refrain from further commenting upon or publicizing this Agreement, unless required by law.

24.     **Counterparts, Required Dates of Execution**. This Agreement may be executed in counterparts by .pdf, and counsel representing each respective Party shall e-mail a .pdf of the signatures to the opposing counsel. The Parties reserve the right to later request original signatures from the Plaintiffs and Defendants, allowing a reasonable period time for transmittal of such originals. Plaintiffs, Defendants and Drance are each required to execute this Agreement, and provide at least a .pdf signature to their counsel **by June 25, 2021**, or this Agreement shall be deemed null and void. Non-Litigating Parties (other than Drance), if they wish to derive the benefit of any provision of this Agreement, must each execute this Agreement by **no later than July 2, 2021 at 5:00 P.M. Arizona time** and must provide a .pdf of its signature to either counsel for Plaintiffs or counsel for the Defendants by such date and time. **Any Non-Litigating Party** (other

than Drance) **that fails to execute this Agreement on or before such date and time shall be deemed "dropped" as a party to this Agreement, shall be excluded from the Agreement, and shall not be entitled to any benefits hereunder.** The Agreement shall be deemed fully binding and valid regardless of whether a Non-Litigating Party "drops" by virtue of a failure to timely sign.

25. **Notice**. Notice given to any party under this Agreement shall be given by e-mail, with a copy sent by overnight express mail, and shall be deemed effective two full business days after sending the overnight express mail. Courtesy copies do not constitute notice to a party. Notices shall be provided at the following addresses:

### Debtor Plaintiffs:

ADVANCED GREEN INNOVATIONS, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

ZHRO SOLUTIONS, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

ZHRO POWER, LLC
Attn: John D. Rosenfeld
c/o Proteum Energy, LLC
120 N 44th Street, Suite 400
Phoenix AZ 85034
john.rosenfeld@proteumenergy.com

### Non-Debtor Plaintiffs:

Perry Pauley
GREEN ENGINE CONVERSIONS, LLC
4920 W Electra Ln
Glendale AZ 85310
ppauley05@gmail.com

Brian Tolman
GREEN TECH DIESEL CONVERSIONS, LLC
3681 E Arabian Dr
Gilbert AZ 85296
brian@greentechdiesel.com

Kyle Conway
DUAL FUEL AZ II, LLC
1620 E Country Ln
Gilbert AZ 85298
kyle@dualfuelaz.com

Kyle Conway
CONWAY FEED, LLC
1620 E Country Ln
Gilbert AZ 85298
kyle@dualfuelaz.com

Mark Williams
LOMAR HOLDINGS, LLC
mark@lomarcompanies.com

Ryan Zeleznak
DF EMPOWER, LLC
10168 E Bayview Dr
Scottsdale AZ 85258
ryan@creamistryn7.com

Jeff Beach
BEACH CORP.
7114 E. Stetson Dr., Ste. 400
Scottsdale AZ 85251
jbeach@hogangroupaz.com

CC: Michael W. Carmel, Esq.
Law Offices of Michael W. Carmel, Ltd.
80 East Columbus Avenue
Phoenix, AZ 85012

Alisa C. Lacey, Esq.
Stinson, LLP
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004

Defendants:

Ken Losch
2801 E. Camelback Rd. Suite 200
Phoenix, AZ 85016
ken@kennethlosch.com

CC: Michael Jones, Esq.
Philip Giles, Esq.
Allen Barnes & Jones, PLC
1850 N. Central Avenue, Suite 1150
Phoenix, AZ 85004
mjones@allenbarneslaw.com
pgiles@allenbarneslaw.com

26. **Saturday, Sunday or Legal Holiday Resets Date**. As to any date of required performance set forth herein, if such date shall fall on a Saturday, Sunday, or legal holiday shall automatically be deemed reset to the next business day and performance shall be deemed timely under this Agreement provided that performance is rendered by the date reset by this provision.

DocuSign Envelope ID: 2ABE53AB-9335-4CAA-BEBA-D13E2ABC432E

Wherefore, this Settlement Agreement has been executed by Plaintiffs, Defendants, and Drance effective June 25, 2021.

**Debtor Plaintiffs:**

ADVANCED GREEN INNOVATIONS, LLC

By: _____

Its: _____

ZHRO SOLUTIONS, LLC                    ZHRO POWER, LLC

By: _____      By: _____

Its: _____      Its: _____

**Non-Debtor Plaintiffs:**

GREEN ENGINE CONVERSIONS, LLC          GREEN TECH DIESEL CONVERSIONS, LLC

By: _____      By: _____

Its: _____      Its: _____

DUAL FUEL AZ II, LLC                    CONWAY FEED, LLC

By: _____      By: _____

Its: _____      Its: _____

LOMAR HOLDINGS, LLC

By: _____

Its: _____

BEACH CORP.

By: _____

Its: _____

DF EMPOWER, LLC

By: _____

Its: _____

## Defendants

DUAL FUEL, LLC

By: _____

Its: _____

COCHISE INVESTMENTS, LLC

By: _____

Its: _____

KENNETH LOSCH

_____

LORI LOSCH

_____

## Non-Litigating Parties

MICHAEL DRANCE

_____

MICHAEL BROWN

_____

TERRY KENNON

_____

GREG BROWN

DocuSigned by:

*Greg Brown*

478F69EECF904F5...

_____

THOMAS C. NICCOLI

KASEY KNOLES Noles

*kasey Noles*
7707AC37B67446A...

_____

MICHAEL HILL

*Mike Hill*
2C27A8D053464A0...

_____

COMANCHE GAS SOLUTIONS. LLC

By: _____ Greg Brown
    *Greg Brown*
    478F69EECF904F5...

Its: _____ Managing Member

BRIAN SNIDER

ADAM WEBB

_____

_____

JOHN MADRIGAL

ROBERT GUNNEL

_____

_____

THEODORE CLAASSEN, SR.

KRISTEAN LOSCH

_____

_____

SEBASTEAN LOSCH

_____

THOMAS C. NICCOLI

_____

MICHAEL HILL

_____

BRIAN SNIDER

_____

JOHN MADRIGAL

_____

THEODORE CLAASSEN, SR.

_____

SEBASTEAN LOSCH

_____

KASEY KNOLES

_____

COMANCHE GAS SOLUTIONS, LLC

By: _____

Its: _____

ADAM WEBB

_____

ROBERT GUNNEL

_____

KRISTEAN LOSCH

_____

{00311562}
CORE/3517146.0003/167366311.6

THOMAS C. NICCOLI

_____

MICHAEL HILL

_____

BRIAN SNIDER

_____

JOHN MADRIGAL

_____

THEODORE CLAASSEN, SR.

_____

SEBASTEAN LOSCH

_____

KASEY KNOLES

_____

COMANCHE GAS SOLUTIONS, LLC

By: _____

Its: _____

ADAM WEBB

_____

ROBERT GUNNEL

_____

KRISTEAN LOSCH

_____

THOMAS C. NICCOLI

_____

MICHAEL HILL

_____

BRIAN SNIDER

_____

JOHN MADRIGAL

_____

THEODORE CLAASSEN, SR.

_____

SEBASTEAN LOSCH

_____

KASEY KNOLES

_____

COMANCHE GAS SOLUTIONS, LLC

By: _____

Its: _____

ADAM WEBB

_____

ROBERT GUNNEL

_____

KRISTEAN LOSCH

_____

THOMAS C. NICCOLI

_____

MICHAEL HILL

_____

BRIAN SNIDER

_____

JOHN MADRIGAL

_____

THEODORE CLAASSEN, SR.

_____

SEBASTEAN LOSCH

_____

KASEY KNOLES

_____

COMANCHE GAS SOLUTIONS, LLC

By: _____

Its: _____

ADAM WEBB

_____

ROBERT GUNNEL

_____

KRISTEAN LOSCH

_____

# Exhibit B

# EXHIBIT B

**Transfer of APG Stock to Plaintiffs**.  Within 2 business days of APG receiving the return of the Dual Fuel Stock certificate, in accordance with the Order Approving and Implementing Settlement, APG agrees to instruct its transfer agent to issue stock certificates representing 80% (239,316,720 shares) of the APG Shares, in the aggregate, with all voting rights with respect to such shares, to the following parties (amounts are based upon the CRA) **updated as follows**:

| ENTITY | | SHARES |
|---|---|---|
| **Proteum Energy, LLC (Reorganized AGI /ZHRO)** | | 47,863,344 |
| | | |
| **Green Engine Conversions II, LLC:** | | |
| Bender Ventures, LLC | 1.03452% | 900,000 |
| BTPez, LLC | 0.39779% | 346,063 |
| DG & Kiki Family Investments, LLC | 9.51635% | 8,278,882 |
| Fishes & Loaves LLC | 8.62068% | 7,499,682 |
| Robert R. & Barbara E. Fraley Trust | 13.7931% | 11,999,501 |
| Rocky Gingg | 1.65692% | 1,441,461 |
| Linda M. and Peter A. Hamstra | 6.89655% | 5,999,742 |
| TandKHowardIII, LLC | 0.52107% | 453,312 |
| Paul C. Kottler and Bethany Powell JTWROS-Joint Tenants with Right of Survivorship | 0.14373% | 125,000 |
| Reg C. Martin | 0.28736% | 250,000 |
| Olson Office Warehouse, LLC | 9.51635% | 8,278,882 |
| Pauley Family Trust | 21.11545% | 18,369,685 |
| Teri Pebsworth Supplemental Needs Trust | 0.54491% | 474,052 |

# EXHIBIT B

| | | |
|---|---|---|
| Tailing Tarpon LLC | 0.28736% | 250,000 |
| David L. Tyson | 4.6275% | 4,025,759 |
| Charles Vagrosky | 4.6275% | 4,025,759 |
| Robert T. & Andrea M. Van Hofwegen | 9.51635% | 8,278,882 |
| Young Family Living Trust | 6.89655% | 5,999,742 |
| | | |
| **Dual Fuel AZ II, LLC** | | 47,403,866 |
| | | |
| **Conway Feed** | | 7,811,298 |
| | | |
| **DF Empower, LLC:** | | |
| West Coast Enterprises LP | | 16,533,439 |
| WG Partners LLC | | 13,657,098 |
| Claassen Jr. PLC | | 646,143 |
| C3 Green II LLC | | 150,468 |
| Jackson Enterprises LLC | | 184,742 |
| Ronald R. and Nancy C. Hansen | | 92,446 |
| | | |
| **Green Tech Diesel Conversions, LLC:** | | |
| Florin Capital Solutions, LLC | | 5,992,491 |
| | | |
| **Lomar Holdings, LLC** | | 7,485,827 |
| | | |
| **Beach Corp.** | | 4,499,154 |